

ATTORNEYS AT LAW

800 Third Avenue
13th Floor
New York, NY 10022

T 212-471-6200
F 212-935-1166
www.hinshawlaw.com

Concepcion A. Montoya
212-471-6228
cmontoya@hinshawlaw.com

April 16, 2014

**VIA ELECTRONIC FILING**

Hon. Joseph F. Bianco
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

> *Re:*   *Sullivan-Mestecky v. Verizon Communications, Inc., et al.*
> *Docket No. 14-cv-01835-JFB-GRB*

Dear Judge Bianco:

We represent Defendant Xerox Company ("Xerox") in the above-referenced lawsuit and join the pre-motion conference request of Defendant The Prudential Insurance Company of America (Prudential"). The Court has scheduled a telephone pre-motion conference on May 2, 2014 to address Prudential's anticipated motion. We respectfully request that the Court include Xerox's pre-motion request among the matters to be discussed at that time. Xerox intends to file a motion to dismiss the Verified Complaint (the "Complaint") pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons set forth below.

The Complaint alleges various state law claims including, but not limited to, breach of contract, fraud/misrepresentation, tortious interference with contractual relations, breach of fiduciary duty, promissory estoppel, unjust enrichment, illegal evasion of insurance claims, and violations of General Business Law § 349 an Insurance Law § 4226. These claims arise from an allegedly wrongful denial of death benefits in connection with certain life insurance policies under an employee benefit plan from Verizon.

As an initial matter, the Complaint alleges that Xerox's only involvement occurred well after the alleged harm occurred and, on its face, these factual allegations cannot give rise to any of Plaintiff's alleged damages. Specifically, Plaintiff alleges that she telephoned Xerox and was told by an employee that "it was not in possession of any documents relating to [the decedent's] life insurance/death benefit." (Complaint, ¶64). Tellingly, this alleged conversation with a Xerox employee took place after the insurance check has been issued to Plaintiff. The law recognizes that "a fiduciary cannot be liable for any breach … that does not occur under his watch." *In Re Polaroid ERISA Litigation*, 362 F. Supp.2d 461, 476 (S.D.N.Y. 2005). Finally, Plaintiff conclusorily alleges that Defendant Aon Hewitt "has since assigned and/or delegated its

Hon. . Joseph F. Bianco
April 16, 2014
Page 2

rights/responsibilities … to Xerox" (Complaint, ¶112) and that Xerox assumed the responsibilities of Aon (Complaint, ¶152). These allegations do not state a plausible claim of relief against Xerox. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint must be "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, there is nothing alleged in the Complaint that amounts to any wrongdoing that can be a basis for liability against Xerox and the Complaint should be dismissed as against Xerox.

In any event, Xerox contends, just as Prudential has, that all of these claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). *See*, *e.g.*, *Cicio v. Does 1-8*, 321 F.3d 83, 96 (2d Cir. 2003) (state law claims of false representation concerning the existence, terms or benefits of an ERISA plan are preempted by ERISA); *Shearon v. Comfort Tech Mech. Co., Inc.*, 936 F. Supp.2d 143, 159 (E.D.N.Y. 2013) (claimed breach of fiduciary duty preempted by ERISA because claim seeks to recover benefits and enforce rights under ERISA-governed plan); *McGuigan v. Local 295/Local 851 IBT Employer Grp. Pension Plan*, 11-cv-2004 (JG)(MDG), 2011 WL 3421318 (E.D.N.Y. 2011) (negligence claim preempted by ERISA as claims derived directly from the Plan, its administration, and the rights and benefits afforded by it); *Berry v. MVP Health Plan, Inc.*, 06-cv-120 (NAM/RFT), 2006 WL 4401478 (N.D.N.Y. 2006) (GBL 349 claims relating to employee benefit plan preempted by ERISA). For these reasons, the Complaint should be dismissed.

Presently, Xerox's response to the Complaint is due on April 18, 2014. Pursuant to Your Honor's rules, we understand that the timely filing of this pre-motion letter constitutes timely service satisfying the requirements of Fed R. Civ. P. 12.

We thank the Court for its consideration in this matter.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By:  *s/Concepcion A. Montoya*
     Concepcion A. Montoya (CM-7147)
     Maureen M. Stampp (MS-8453)

cc:    Anthony Fasano, Esq.  (Via ECF)
       James P. Hollihan, Esq. (Via ECF)
       Kirsten McCaw Grossman, Esq. (Via ECF)

130792173v1 1991