LAW OFFICES
OF
GUERCIO & GUERCIO, LLP

| | |
|---|---|
| GREGORY J. GUERCIO | KELLY A. REAPE |
| RICHARD J. GUERCIO | TARA E. KAHN |
| GARY L. STEFFANETTA | KATHRYN J. MAIER |
| KATHY A. AHEARN | PATRICIA A. UNZ |
| JOHN P. SHEAHAN | CHRISTOPHER SHISHKO |
| RANDY GLASSER | BARBARA J. EMIGHOLZ |
| BARBARA P. ALOE | ASHLEY C. POPE |
| CHRISTOPHER J. GUERCIO | HAL L. BUDNICK |
| ERIN M. O'GRADY-PARENT | VICTORIA M. CANTRELLA |
| LISA L. HUTCHINSON | ANTHONY J. FASANO |
| CHRISTINE M. LA PLACE | REESA F. MILES |
| BONNIE L. GORHAM | |
| DOUGLAS A. SPENCER | |
| CHRISTOPHER F. MESTECKY | |

77 Conklin Street
Farmingdale, New York 11735
(516) 694-3000
FAX: (516) 694-4738
www.guerciolaw.com
_____

24 Century Hill Drive, Suite 101
Latham, New York 12110
(518) 690-7000
Fax: (518) 690-0783

OFFICE ADMINISTRATOR
LEONARD RICHMAN

Reply to: Farmingdale  X

        Latham

April 26, 2014

Honorable Joseph F. Bianco
United States District Court, E.D.N.Y.
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Sullivan-Mestecky v. Verizon Communication, Inc., et al.*
               **Docket No:**  **2:14 C.V. 1835 (JFB) (GRB)**

Dear Judge Bianco:

      I am counsel for the Plaintiff, Kristine Sullivan-Mestecky in the above-referenced matter. Please allow this to serve as Plaintiff's opposition to the pre-motion letters of Defendants Prudential Insurance Company of America ("Prudential"), Xerox Company ("Xerox"), Verizon Communications, Inc. ("Verizon"), and Wells Fargo Bank ("Wells Fargo"). Defendants seek the permission of this Court to file motions to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FCRP") on the ground that Plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). As stated more fully below, Plaintiff's claims do not fall under ERISA because they are based upon a post-employment dispute, not an employee benefit plan. Further, even assuming that ERISA applies, the proper remedy in this instant matter is to permit Plaintiff leave to amend her complaint.

      Plaintiff is the beneficiary of a life insurance policy issued by Prudential. Plaintiff alleges in her complaint that "Verizon's agreement to provide this life insurance policy was in settlement of Ms. [Kathleen] Sullivan's claim that Verizon improperly, unilaterally terminated her health insurance, life insurance and other employee benefits after the death of her husband in January 2005." (Complaint ¶ 42). Kathleen Sullivan, Plaintiff's mother, was employed by New York

Telephone Company until approximately 1978 when she received a disability retirement. New York Telephone Company is now Verizon. (Complaint ¶ 34-35). Kathleen Sullivan's husband was also employed by New York Telephone/Verizon and Ms. Sullivan received health insurance from Verizon under a family plan in the name of Joseph Sullivan prior to his death in 2005. Upon his death, Verizon unilaterally terminated Ms. Sullivan's health insurance (Complaint ¶ 36-38). Plaintiff alleges that in 2011 a settlement was reached with Ms. Sullivan where Verizon agreed to provide pay the premium for life insurance policy(s) totaling approximately $700,000.00. (Complaint ¶ 39-40).

In confirmation of this agreement, on June 20, 2011, Mrs. Sullivan received a "Retirement Enrollment Worksheet" from Verizon indicating coverage of 679,700 and $35,000.00. The following statement was also provided: "If your life insurance coverage is more than $ 50,000, an amount of taxable imputed income will appear on your paycheck statements and W-2 earnings statement at the end of the year." (Complaint ¶ 43-44). In or about 2011, Prudential issued a life insurance policy to Mrs. Sullivan, with Plaintiff as the named beneficiary. (Complaint ¶ 45-47). On December 20, 2011, Mrs. Sullivan received a "Confirmation of Coverage on Demand" from Verizon. This letter showed a "Retiree Life Option 1-1 x Pay-$679,700" at a cost of $ 0.00. (Complaint ¶ 50). On December 20, 2011, a "Beneficiary Confirmation Notice" was sent to Mrs. Sullivan. This notice designated "Plaintiff as the primary beneficiary. (Complaint ¶ 35).

In further confirmation of this agreement, Verizon, through its agent Wells Fargo, sent Mrs. Sullivan a W-2 for 2011 that contained income of $ 4,798.31 and a W-2 for 2012 that contained income of $ 12,068.72. (Complaint ¶ 52-53). In applying the IRS formula to Mrs. Sullivan's W-2 for 2012, specifically box 12a marked Code "C," the result shows a life insurance/death benefit of approximately $ 582,000. (Complaint ¶ 55).

After Ms. Sullivan's death on November 17, 2012, on November 19, Plaintiff contacted Verizon's Benefit Center by telephone and was informed that she was the beneficiary of a policy in the amount of $ 582,000. (Complaint ¶ 60-61). Despite this representation, after Verizon made a payment of $11,380 for funeral expenses, on or about January 5, 2013, Plaintiff received a check from Prudential and/or Verizon in the amount of $ 20, which purportedly represented the remains of the life insurance/death benefit after funeral expenses. (Complaint ¶ 62-63).

Subsequently, Plaintiff telephoned Verizon's Benefit Center and was advised that benefits for Verizon are now handled by Xerox. Xerox informed Plaintiff that they were not in possession of any documents relating to Mrs. Sullivan's life insurance/death benefit. From January 2013 through March 2013, Plaintiff made numerous request of Defendants, including a request in writing, for documentation pertaining to the life insurance policy and defendants have refused Plaintiff's request. (Complaint ¶ 64-66). Rather than respond to Plaintiff's request, in a

demonstration of bad faith, in or about March 2013, Plaintiff received altered/amended tax returns for her deceased mother from Verizon. (Complaint ¶ 68). Verizon, through its agent Wells Fargo, sent a deceased Mrs. Sullivan an amended/altered W-2 for 2011 and 2012 that contained income of $ 0. (Complaint ¶ 69-72).

Defendants alleged that this matter must be dismissed since all of the causes of action asserted by Plaintiff are preempted by ERISA. Defendants' assertions, however, are misplaced because Plaintiff has alleged causes of action based upon a post-employment settlement agreement, which resulted in Plaintiff being listed as the beneficiary in a life insurance policy. *See Terhart v. Niagara Mohawk Power Corp. et al*, 2012 U.S. Dist. LEXIS 15127 (W.D.N.Y. Feb. 5, 2012) (denying Defendants motion to dismiss Plaintiff's equitable claim since "post-employment policy disputes are not governed by ERISA."); *see also*, *Cantor v. American Banknote Corp.*, 2007 U.S. Dist. LEXIS 78058 (S.D.N.Y. Oct. 18, 2007) (holding that "the breach of contract claim [based upon health insurance which was part of a settlement agreement] was not pre-empted by ERISA, because it did not arise exclusively from ERISA or the terms of a plan governed by the statute."); *Cotter v. Milly LLC,* 2010 U.S. Dist. LEXIS 5096 (S.D.N.Y. Jan. 10, 2010) (holding that claims that an employer breached an employment contract by failing to make an employee a profit-sharing payment pursuant to a 401(k) plan and failing to match contributions pursuant to that same plan were not preempted by ERISA because the claims were based on compensation promised to the plaintiff to induce him to accept an offer of employment).

Further, even assuming arguendo that Defendants are correct that ERISA preempts Plaintiff's state claims herein, the appropriate remedy is not dismissal of Plaintiff's complaint, but rather permitting Plaintiff to amend her complaint. *See Kriwox v. EBS- RMSCO, Inc.,* 2011 U.S. Dist. LEXIS 56909 (N.D.N.Y. May 26, 2011) ("[S]ince the defendant removed the case to federal court on the basis of ERISA, it could not complain of prejudice in permitting the plaintiff to amend to assert an ERISA claim."); *G.R.J.H., Inc. v. Oxford Health Plains*, Inc., 2009 Dist. LEXIS 40605 (N.D.N.Y. May 14, 2009). As the Federal Rules of Civil Procedure permit a party to amend its pleading once "as a matter of course" within 21 days after service of a motion to dismiss, Plaintiff requests that this Court deny Defendants' requests to file a motion to dismiss and permit Plaintiff the opportunity to amend her Complaint to assert, in the alternative, claims under ERISA. *See* Fed. R. Civ. P. 15(a)(1)(B).

Respectfully submitted,

/s/ Christopher F. Mestecky
CHRISTOPHER F. MESTECKY (CM 6598)

**VIA ECF**