353 NORTH CLARK STREET CHICAGO ILLINOIS 60654-3456

JENNER&BLOCK LLP

April 29, 2014

April A. Otterberg
Tel  312 840-8646
Fax 312 840-8746
aotterberg@jenner.com

**Via ECF**

Hon. Joseph F. Bianco
United States District Judge
United States District Court for the
    Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:  *Kristine Sullivan-Mestecky v. Verizon Communications, Inc., et al.*, No. 2:14-cv-1835

Dear Judge Bianco:

We represent Defendant Aon Hewitt Company ("Hewitt")[1] in the above-referenced matter and join the pre-motion conference requests of Defendants Verizon Communications, Inc. ("Verizon"), The Prudential Insurance Company of America, Wells Fargo Bank, and Xerox Company.  The Court has scheduled a telephonic pre-motion conference for May 2, 2014.  Hewitt submits this letter to notify the Court, pursuant to its April 16 order, that Hewitt wishes to participate in that pre-motion conference.  The basis for Hewitt's anticipated motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) is set forth below.

**Background**

Plaintiff alleges that she is the beneficiary of a life insurance policy issued to her mother, who is deceased, under a Verizon employee benefit plan.  (Compl. ¶ 41, 59.)  Plaintiff alleges that she was wrongfully denied payment of the alleged full amount of life insurance benefits.  (*Id.* ¶¶ 56-57.)  She asserts that after her mother's death in November 2012, she received two payments of life insurance benefits, totaling $11,400 (*id.* ¶¶ 60, 62-63), rather than the approximately $582,000 in benefits that Plaintiff purportedly expected (*id.* ¶¶ 55-57).

Hewitt was a recordkeeper for certain Verizon employee benefit plans.  Its role, consistent with the terms of its service agreements with Verizon, was solely to provide ministerial and administrative services to Verizon.  The sole Hewitt conduct alleged in the Complaint concerns Hewitt's (1) alleged delivery of a "Retirement Enrollment Worksheet" to Plaintiff's mother in June 2011 (*id.* ¶¶ 43, 151) (though Plaintiff also alleges Verizon provided this document (*id.* ¶ 76)); (2) alleged "process[ing]" of a document that Plaintiff's mother received from Verizon in

---

[1] Aon Hewitt Company is not a legal entity.  Hewitt Associates LLC provided services to Verizon in connection with the Verizon plan at issue in the Complaint.  Accordingly, although Plaintiff has named Aon Hewitt Company, the proper defendant in this action is Hewitt Associates LLC.

Hon. Joseph F. Bianco
April 29, 2014
Page 2

December 2011, titled "Confirmation of Coverage on Demand" (*id.* ¶¶ 80, 121, 151); (3) alleged unspecified involvement in a "Beneficiary Confirmation Notice" (*id.* ¶¶ 104, 111); and (4) alleged conversation with Plaintiff as to the amount of her mother's death benefit in November 2012 (*id.* ¶ 61).

The Complaint asserts 19 state-law causes of action, nine of which appear to be asserted against Hewitt, alone or along with other defendants. The claims include breach of contract, tortious interference with contractual relations, fraud/misrepresentation, promissory estoppel, illegal evasion of insurance claims, negligent misrepresentation, breach of the covenant of good faith and fair dealing, and violations of New York Insurance Law § 4226 and New York General Business Law § 349. Plaintiff seeks damages in excess of $700,000, along with punitive damages, costs, attorneys' fees, and interest.

Plaintiff fails to state a claim for two primary reasons. *First*, the Employee Retirement Income Security Act of 1974 ("ERISA") preempts all of Plaintiff's claims, and to the extent the Court is inclined to view Plaintiff's claims within the ERISA framework, Plaintiff fails to state an ERISA claim against Hewitt. *Second*, in the alternative, Plaintiff fails to state any of her claims asserted against Hewitt under state law.

I.  **ERISA Preempts Plaintiff's Claims Against Hewitt, And Plaintiff Fails To State An ERISA Claim.**

ERISA completely preempts state-law claims "insofar as they may now or hereafter relate to any employee benefit plan." *See* 29 U.S.C. § 1144(a). Indeed, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004).

Consistent with the arguments made by the other defendants in this case, ERISA preempts all of Plaintiff's claims against Hewitt because all of the claims relate to the alleged denial of life insurance benefits under an employee benefit plan governed by ERISA. *See, e.g.*, *Cicio v. Does 1-8*, 321 F.3d 83, 96 (2d Cir. 2003) (false representation claims preempted), *vacated on other grounds after grant of certiorari*, 385 F.3d 156 (2d Cir. 2004); *DeBruyne v. Equitable Life Assurance Soc'y of the United States*, 920 F.2d 457, 468 (7th Cir. 1990) (ERISA preempted claim for violation of N.Y. Insurance Law § 4226); *Wurtz v. Rawlings Co., LLC*, 933 F. Supp. 2d 480, 493 (E.D.N.Y. 2013) (claim for violation of N.Y. General Business Law § 349 preempted); *McGuigan v. Local 295/Local 851 IBT Employer Grp. Pension Plan*, No. 11-cv-2004, 2011 WL 3421318 (E.D.N.Y. Aug. 4, 2011) (breach of contract and related claims preempted); *DePace v. Matsushita Elec. Corp. of Am.*, 257 F. Supp. 2d 543, 567 (E.D.N.Y. 2003) (fraud and misrepresentation claims preempted); *Snyder v. Elliott W. Dann Co., Inc.*, 854 F. Supp. 264, 273-75 (S.D.N.Y. 1994) (estoppel, breach of contract, and fraud claims preempted).

Further, to the extent the Court is inclined to re-characterize Plaintiff's claims as asserted under ERISA for purposes of a motion to dismiss, Plaintiff does not state an ERISA claim against Hewitt, a non-fiduciary. Among other deficiencies in such a claim, the life insurance benefits that Plaintiff seeks in this action do not comprise the "appropriate equitable relief" that must be identified to adequately state a non-fiduciary claim under ERISA § 502(a)(3). *See, e.g.*, *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996).

Hon. Joseph F. Bianco
April 29, 2014
Page 3

## II.      Plaintiff Fails to State A Claim Against Hewitt Under State Law.

In the alternative, if the Court concludes that ERISA does not preempt all of Plaintiff's claims, the Court still should dismiss Plaintiff's claims against Hewitt because Plaintiff fails to allege "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009), instead choosing to rely on insufficient and conclusory "labels and conclusions" or "formulaic recitation[s] of the elements" of her claims, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Among many other deficiencies, and especially given the dearth of Hewitt-specific allegations in the Complaint, Plaintiff (1) fails to identify any purported contract involving Hewitt or any specific terms allegedly breached by Hewitt, (2) fails to explain how Hewitt allegedly tortiously interfered with any contract that purportedly existed between Plaintiff's mother and Verizon, and (3) fails to plead any facts demonstrating that Hewitt knew that any representations it purportedly made about life insurance benefits were supposedly false.

*          *          *

Accordingly, Hewitt respectfully requests that the Court address its anticipated Rule 12(b)(6) motion at the May 2, 2014 pre-motion conference, consistent with the Court's April 16, 2014 order.

Respectfully submitted,

 s/ April A. Otterberg
April A. Otterberg

*Counsel for Defendant Hewitt Associates LLC
(named as Aon Hewitt Company)*

cc:      Christopher Mestecky, *Counsel for Plaintiff Kristine Sullivan-Mestecky* (via ECF)

Joanna Rose Varon, *Counsel for Defendants Verizon Communications, Inc. and Wells Fargo Bank* (via ECF)

Kirsten McCaw Grossman, Robin H. Rome, and Jessica Berenbroick, *Counsel for Defendant The Prudential Insurance Company of America* (via ECF)

Concepcion A. Montoya and Maureen M. Stampp, *Counsel for Defendant Xerox Company* (via ECF)