| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------X<br>KRISTINE SULLIVAN-MESTECKY, individually<br>and as the beneficiary of the life insurance policy of<br>Kathleen Sullivan, deceased<br><br>                              Plaintiff,<br><br>        -against-<br><br>VERIZON COMMUNICATIONS INC., and<br>PRUDENTIAL INSURANCE COMPANY OF<br>AMERICA,<br><br>                              Defendants.<br>------------------------------------------------------------------X | **FILED**<br>**CLERK**<br><br>1:08 pm, Jul 26, 2017<br><br>**U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>**LONG ISLAND OFFICE**<br><br><br>14-CV-1835 (SJF)(AYS)<br><br>**OPINION and ORDER** |

FEUERSTEIN, District Judge:

Pending before the Court, *inter alia*, are objections by plaintiff Kristine Sullivan-Mestecky ("plaintiff") to an order and minute order of the Honorable Anne Y. Shields, United States Magistrate Judge, both dated January 23, 2017, denying plaintiff's motions to compel discovery beyond the administrative record, *i.e.*, to compel defendants Verizon Communications Inc. ("Verizon") and Prudential Insurance Company of America ("Prudential"), *inter alia*, to each produce a witness for a deposition and to respond to her discovery demands. For the reasons stated herein, plaintiff's objections are overruled.

I.      Procedural History

On or about February 7, 2014, plaintiff, individually and as the beneficiary of the life insurance policy of Kathleen Sullivan ("Sullivan"), deceased, commenced this action against Verizon, Prudential, Wells Fargo Bank ("Wells Fargo"), Xerox Company ("Xerox") and Aon

1

Hewitt Company ("Hewitt"), in the Supreme Court of the State of New York, County of Nassau ("the state court") seeking to recover damages under the doctrine of promissory estoppel and for breach of contract, breach of a third-party beneficiary contract, tortious interference with contractual relations, fraud, breach of fiduciary duty, "illegal evasion of insurance claims," negligent misrepresentation, breach of the covenant of good faith and fair dealing and violations of New York Insurance Law § 4226 and New York General Business Law § 349.  On or about March 21, 2014, Verizon, with the consent of all of the other named defendants, removed the action to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446 on the basis, *inter alia*, that this Court has original jurisdiction under 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132.

On September 10, 2014, plaintiff filed an amended complaint asserting the following claims: (1) to recover life insurance benefits pursuant to Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B) ("Count I"); (2) for (a) purported equitable relief pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), for breach of fiduciary duties under Section 404(a)(1)(A), (B) and (D) of ERISA, 29 U.S.C. § 1104(a)(1)(A), (B) and (D), and (b) relief for breach of fiduciary duty under state law ("Count II"); (3) for relief under Section 503 of ERISA, 29 U.S.C. § 1133 ("Count III"); (4) to recover statutory penalties under Section 502(c) of ERISA, 29 U.S.C. § 1132(c) ("Count IV"); and (5) to recover damages under state law and/or federal common law under the doctrine of promissory estoppel ("Count V"), and for breach of contract ("Count VI"), breach of a third-party beneficiary contract ("Count VII"), tortious interference with contractual relations ("Count VIII"), fraud ("Count IX," "Count X" and "Count XI"), and negligent misrepresentation ("Count XII").

By order dated July 7, 2016, (1) defendants' motions to dismiss plaintiff's claims against them pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure were granted to the extent that (a) plaintiff's claims pursuant to Sections 502(a)(3) and 503 of ERISA ("Count II" and "Count III," respectively) were dismissed in their entirety with prejudice for failure to state a claim for relief, (b) plaintiff's Section 502(a)(1)(B) ERISA claim ("Count I") was dismissed with prejudice as against Wells Fargo, Xerox and Hewitt for failure to state a claim for relief, (c) plaintiff's Section 502(a)(1)(A) ERISA claim ("Count IV"), which was not asserted against Wells Fargo, was dismissed with prejudice as against Xerox, Hewitt and Prudential for failure to state a claim for relief, (d) with the exception of plaintiff's promissory estoppel claim based upon Verizon's alleged settlement agreement with Sullivan in 2011 (Count V), plaintiff's state law claims (Counts II and VI-XII) were dismissed in their entirety with prejudice as preempted by ERISA, and (e) plaintiff's promissory estoppel claim ("Count V") was dismissed in its entirety with prejudice for failure to state a claim for relief, except insofar as it was asserted against Verizon based upon its alleged settlement agreement with Sullivan in 2011; (2) the branch of Verizon's motion seeking dismissal of plaintiff's promissory estoppel claim against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure was converted to a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and summary judgment was granted dismissing plaintiff's promissory estoppel claim ("Count V") against Verizon in its entirety; and (3) defendants' motions were otherwise denied. Thus, only the following claims remain in this action: (1) plaintiff's Section 502(a)(1)(B) ERISA claim ("Count I") against Verizon and Prudential (collectively, "defendants") to recover life insurance benefits; and (2) plaintiff's Section 502(a)(1)(A) ERISA claim ("Count IV") against Verizon seeking statutory

penalties under Section 502(c) of ERISA, 29 U.S.C. § 1132(c).  On December 8, 2016, the Clerk of the Court entered final judgment dismissing, *inter alia*, plaintiff's claims against Wells Fargo, Xerox and Hewitt in their entirety with prejudice pursuant to the July 7, 2016 order and Rule 54(b) of the Federal Rules of Civil Procedure.

On or about July 29, 2016, plaintiff served a "First Request for Production of Documents" on Prudential.

On or about September 19, 2016, plaintiff served both Prudential and Verizon with a notice to take the deposition of a witness with knowledge of "(1) The claim for life insurance and/or other employee benefits by Kathleen Sullivan and Plaintiff; (2) The denial of benefits and/or partial denial of benefits of the claim for life insurance benefits; (3) The administration of the employee benefits plan and the defendant's practices with respect to eligibility requirements and claims denial; and (4) Income and other incentives with respect to encouraging denial of claims and appeals determinations."  (Plaintiff's Memorandum of Law in Support of her Motion pursuant to Fed. R. Civ. P. 72(a) ["Plf. Obj."], at 3).

On November 18, 2016, plaintiff filed a motion to compel disclosure pursuant to Rule 37 of the Federal Rules of Civil Procedure, which was automatically referred to Magistrate Judge Shields pursuant to my individual rules.  Specifically, plaintiff sought to compel: (1) the deposition of witnesses from both Verizon and Prudential who have "knowledge as to the claims process and conflict information," (Affirmation of Christopher F. Mestecky, Esq., in support of plaintiff's motion to compel ["Mestecky Aff."], ¶ 2); and (2) Prudential "to provide compliant responses to Plaintiff's First Demand for Documents . . . and Prudential's Rule 26 initial disclosures dated September 30, 2016 . . . ."  (*Id.*)  Plaintiff contended, *inter alia*, that defendants

"have generally objected to any discovery outside of the administrative record which was created following the commencement of this action[,]" and that those "objections are without merit since [they] utterly failed to follow the administrative claims procedure when it [sic] denied Plaintiff's claim for life insurance benefits in January 2013 without providing any decision letter setting forth the basis of the denial and without providing Plaintiff notice of her administrative appeal rights." (*Id.*, ¶ 3; *see also Id.*, ¶ 4; Plaintiff's Memorandum of Law in Support of her Motion to Compel Discovery ["Plf. Compel Mem."], at 3-8). Plaintiff further contended, *inter alia*, that "as there is an inherent conflict of interest, issues of contract interpretation, and evidence of an incomplete claims files, sufficient cause has been established to warrant additional discovery." (Mestecky Aff., ¶ 4; Plf. Compel Mem. at 8-17).

On or about November 21, 2016 and December 2, 2016, plaintiff served additional discovery demands upon Prudential and Verizon.

By order and minute order, both dated January 23, 2017, Magistrate Judge Shields denied plaintiff's motions to compel discovery beyond the administrative record and defendants to respond to her discovery demands.

II.  Discussion

    A.  Standard of Review

28 U.S.C. § 636(b)(1)(A) permits a district judge to "designate a magistrate judge to hear and determine any [nondispositive] pretrial matter," not otherwise expressly excluded therein. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("The district court may designate a magistrate judge to hear and decide a pretrial matter that is 'not dispositive of a

5

party's claim or defense.'" (quoting Fed. R. Civ. P 72(a))); *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) ("As a matter of case management, a district judge may refer nondispositive motions[] . . . to a magistrate judge for decision without the parties' consent.") "Matters concerning discovery generally are considered 'nondispositive' of the litigation." *Arista Records*, 604 F.3d at 116 (quoting *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)).

Any party may serve and file objections to a magistrate judge's order on a nondispositive pretrial matter within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(a). Upon consideration of any timely interposed objections, and "reconsider[ation]" of the magistrate judge's order, 28 U.S.C. § 636(b)(1)(A), the district judge must modify or set aside any part of the order that "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "An order is 'clearly erroneous' only if a reviewing court, considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed'; an order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127, 139 (E.D.N.Y. 2013) (quotations and citations omitted); *accord Thai Lao Lignite (Thailand) Co., Ltd. v. Government of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013). "This standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused his discretion." *Ahmed v. T.J. Maxx Corp.*, 103 F. Supp. 3d 343, 350 (E.D.N.Y. 2015) (quotations and citations omitted); *see also Thai Lao Lignite*, 924 F. Supp. 2d at 511-12 ("Under [Rule 72(a)'s] highly deferential standard, magistrate judges are afforded broad

discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused. . . . The party seeking to overturn a magistrate judge's decision thus carries a heavy burden." (quotations and citation omitted)).

B.      Plaintiff's Objections

Plaintiff generally "disputes . . . Magistrate Shields' decision that discovery in this matter should be limited to the administrative record[,]" (Plf. Obj. at 8), and contends that the January 23, 2017 orders are clearly erroneous and/or contrary to law because plaintiff "has demonstrated that discovery outside of the administrative record is warranted[,]" (Plf. Obj. at 1), insofar as (1) "there is an inherent conflict of interest, issues of contract interpretation, and evidence of an incomplete claims file[,]" (*id.* at 2); and (2) "[d]efendants unquestionably failed to follow the claims review procedure under ERISA." (*Id.* at 7). Specifically, plaintiff contends, *inter alia*, that Magistrate Judge Shields erred: (i) "in denying discovery based on the procedural flaws in the claims process," because "[d]efendants have the burden of proof on the issue of entitlement to a deferential standard [of review]," (*id.*); (ii) in "fail[ing] to address recent controlling Second Circuit precedent," (*id.*), *i.e.*, *Halo v. Yale Health Plan Dir. of Benefits & Records Yale Univ.*, 819 F.3d 42 (2d Cir. 2016), and "essentially appl[ying] the 'substantial compliance' doctrine by holding that additional discovery is not warranted regardless of 'the purported procedural "flaw"' because 'Plaintiff's inquiries were responded to, the reasons for the claims denials through each level of the claims process were communicated to her, and the administrative review process afforded Plaintiff[,]'" (Plf. Obj. at 10; *see also id.* at 15); (iii) "in not ordering additional discovery at this early stage of an action in which Verizon and Prudential have historically

7

refused to provide requested information while simultaneously failing to comply with the claims procedure under ERISA[,]" (*id.* at 4-5); (iv) in "limiting discovery to a clearly incomplete administrative record," (*id.* at 5); (v) "in not ordering additional discovery, including discovery as to those items on which Defendants bear the burden of proof[,]" given that defendants purportedly "failed to follow the claims review procedure prior to litigation and delayed in creating an administrative record until approximately two years after the claim denial, only after litigation was commenced, and with litigation counsel involved[,]" (*id.* at 7); (vi) in "fail[ing] to address the evidence produced to date which unequivocally establishes that Defendants blatantly failed to comply with the ERISA claims review procedures in denying Plaintiff's claim for benefits[,]" insofar as "they partially denied Plaintiff's claim for benefits in January 2013 without providing Plaintiff a decision letter advising of the basis for the partial denial or advising of her appeal rights[,] . . . [and] failed and/or refused to gather the necessary information, thereby intentionally and selectively limiting the information contained in the post-litigation administrative record[,]" (*id.* at 8); (vii) in "refus[ing] to compel conflict discovery despite finding that a structural conflict 'obviously exists' since 'the administrative record is clear that plaintiff was paid out the benefit under the GLI Plan, and was made ware [sic] of the appropriate appeals procedures, which Plaintiff availed herself of[,]'" (*id.* at 14-15); (viii) in "fail[ing] to address the direct evidence in the record which raises an issue whether an economic conflict influenced the claim denial on the part of the defendants[,]" (*id.* at 15); (ix) in denying plaintiff's "request for interpretation discovery based upon the fact that Verizon's interpretation was 'explained within the administrative record[,]' . . . because the documents disclosed to date demonstrate that extrinsic evidence is necessary regarding Defendants' interpretation of Verizon

8

Group Insurance Contract 65-50902-DE . . . ," (*id.* at 17); (x) in "fail[ing] to address the fact that evidence exists showing the administrative record is incomplete[,]" (*id.* at 18); and (xi) in "fail[ing] to address Plaintiff's request that Defendant Prudential comply with its obligations to produce legally compliant initial disclosures[]" pursuant to Fed. R. Civ. P. 26(a).  (*Id.* at 23).

Upon consideration of plaintiff's objections to Magistrate Judge Shields' January 23, 2017 orders and defendants' responses thereto, and reconsideration of Magistrate Judge Shields' orders, and the motions and evidence before her, I am not left "with the definite and firm conviction that a mistake has been committed," *Centro De La Comunidad Hispana*, 954 F. Supp. 2d at 139; nor do I find that Magistrate Judge Shields failed to apply or misapplied any relevant statute or case law, or otherwise abused her discretion.

This Court's decision in, *Murphy v. First Unum Life Ins. Co.*, No. 15-cv-820, 2016 WL 526243 (E.D.N.Y. Feb. 9, 2016), cited by plaintiff as being contrary to Magistrate Judge Shields' orders, is distinguishable because there was evidence of more than just a "structural conflict of interest" in that case, *i.e.*, the defendant also had a history of biased claims administration suggesting "a higher likelihood" that the conflict of interest affected the benefits decision.  *Id.* at * 5.

Since the requirement of "a *demonstrated* conflict of interest, . . . places an affirmative burden on the plaintiff to establish that the plan administrator was sufficiently conflicted so as to expand the administrative record[,]" *Krizek v. Cigna Grp. Ins.*, 345 F.3d 91, 97 (2d Cir. 2003) Krizek, 345 F.3d at 97-98 (emphasis in original; quotations and citation omitted), "merely alleg[ing] the structural conflict of interest that obviously exists" is insufficient to warrant additional discovery.  *Boison v. Insurance Servs. Office, Inc.*, 829 F. Supp. 2d 151, 160-61

(E.D.N.Y. 2011) (citing cases); *see also Joyner v. Continental Cas. Co.*, 837 F. Supp. 2d 233, 240-41 (S.D.N.Y. 2011) ("Generalities [about a structural conflict of interest] . . . are insufficient to show 'good cause'; plaintiff's claimed structural conflict of interest must be bolstered by specific allegations." (quotations and citation omitted)).  Unlike *Murphy*, plaintiff has not bolstered her claim of a structural conflict of interest by any specific allegations suggesting a likelihood that the conflict affected the benefits decision; nor otherwise demonstrated that the requested discovery would assist her in establishing the good cause necessary to expand the record on review.

Since plaintiff has not satisfied her heavy burden of demonstrating that Magistrate Judge Shields' January 23, 2017 orders are clearly erroneous or contrary to law, her objections are overruled.

II.   CONCLUSION

Upon consideration of plaintiff's objections to Magistrate Judge Shields' January 23, 2017 orders and defendants' responses thereto, and reconsideration of Magistrate Judge Shields' orders, and the evidence and motion papers before her, plaintiff's objections are overruled.

SO ORDERED.

                                                  /s/
                                          SANDRA J. FEUERSTEIN
                                          United States District Judge

Dated: July 26, 2017
      Central Islip, New York