FILED
CLERK
1:10 pm, May 16, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KRISTINE SULLIVAN-MESTECKY, individually
and as the beneficiary of the life insurance policy of
Kathleen Sullivan, deceased

                              Plaintiff,

        -against-                                  14-CV-1835 (SJF)(AYS)

VERIZON COMMUNICATIONS INC.,                  **ORDER**
PRUDENTIAL INSURANCE COMPANY OF
AMERICA, WELLS FARGO BANK, XEROX
COMPANY, and AON HEWITT COMPANY,

                              Defendants.
------------------------------------------------------------------X
FEUERSTEIN, District Judge:

       Pending before the Court are the objections of plaintiff Kristine Sullivan-Mestecky ("plaintiff") to the Report and Recommendation of the Honorable Anne Y. Shields, United States Magistrate Judge, dated March 5, 2018 ("the Report"), recommending: (1) that the respective motions of defendants Verizon Communications Inc. ("Verizon") and Prudential Insurance Company of America ("Prudential") for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing plaintiff's remaining claims against them in their entirety with prejudice be granted; and (2) that plaintiff's motion to strike the evidentiary material submitted by Verizon with its reply papers and cross-motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure be denied. For the reasons stated herein, Magistrate Judge Shields's Report is accepted in its entirety.

1

I.     Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

II.    Plaintiff's Objections

Plaintiff contends, *inter alia*, that Magistrate Judge Shields erred: (a) in "[h]olding that the determination as to whether the [decedent, Kathleen Sullivan ('Sullivan')] was a managerial or non-managerial employee was a non-issue, despite that its outcome would determine which document should have been used to review Plaintiff's claim for benefits," (Plaintiff's Objections to the Report ["Plf. Obj."] at 1-2); (b) in determining that Verizon "properly utilized discretionary authority in interpreting plan documents," (*id.* at 2); (c) in "[r]eviewing the claims denial under the 'arbitrary and capricious standard' rather than the *de novo* standard," (*id.*); (d) in finding that Prudential's and Verizon's "denials were supported by substantial evidence," (*id.*); (e) in denying plaintiff's "motion for sanctions," (*id.)*; (f) in failing to resolve all ambiguities, and to draw all inferences, in plaintiff's favor to find that "the record confirms that the [long-term disability] benefit ended in the mid-1980s[,]" (*id.* at 14) (citing Report at 31); (g) in "misconstru[ing]" and "improperly expand[ing]" upon this Court's prior orders, dated July 7,

2016 and December 7, 2016, and "fail[ing] to address Plaintiff's argument that the Hewitt records disclosed a decision of the Verizon Benefits Center ['VBC'] to provide Ms. Sullivan a life insurance policy in the amount of $582,600.00[,]" (*id.* at 15-16); and (h) in denying plaintiff's motion to strike the evidentiary materials Verizon submitted "for the first time in its reply brief." (*Id.* at 20-23). Plaintiff further contends, *inter alia*, that Magistrate Judge Shields's (i) finding that "[t]he employment records show that Sullivan only had eight and one-half years of service[,]" (Report at 30), "is unsupported by the record, and improper considering Defendants' burden on summary judgment[,]"[1] (Plf. Obj. at 12); and (ii) finding that "[t]here are no records indicating that Sullivan was ever given a definitive resolution to her 2005 inquiry" to the VBC, following her husband's death, concerning her eligibility for benefits, (Report at 4), "is contrary to facts and law," because the VBC records "disclosed a decision of the [VBC] to provide Ms. Sullivan a life insurance policy in the amount of $582,600.00." (Plf. Obj. at 20)

With respect to her first objection, plaintiff contends, *inter alia*, (i) that "[i]t was necessary for Judge Shields to make a determination as to whether Sullivan was a managerial employee or not before determining whether Defendant's [sic] reliance upon the non-managerial employee plan documents was proper[,]" (Plf. Obj. at 4); (ii) that "[a]t the very least Magistrate Shields was required to determine whether Ms. Sullivan was managerial or not in order to make the preliminary determination whether the plan documents reviewed by Defendants were applicable at all[,]" (*id.* at 6; *see also id.* at 6-7 [contending that without a finding at to whether Sullivan was a managerial employee or not, "there can be no determination whether the correct

---

[1] According to plaintiff, "the additional 6-year period on long term disability, 1978-1984, should count toward her claim of entitlement to receive a service pension benefits [sic], a vested pension benefit, or a disability pension benefit." (Plf. Obj. at 13).

3

plan documents were considered by Defendants in reaching their administrative decision.
Simply reviewing the plan document allegedly used by the Defendants is not sufficient to resolve
the question of fact whether the plan document itself was the correct one under the
circumstances"]); and (iii) that Verizon's failure to produce documents relating to Sullivan's
managerial status prevented (A) plaintiff from proving that Sullivan was a managerial employee,
and (B) the Court from "being able to exercise *de novo* review of the benefits denial decision by
Defendants[] . . . [and] adequately reviewing the denial under the arbitrary and capricious
standard as the documents are relevant to the interpretation of the managerial plan which should
have been utilized by the Defendants."[2] (*Id.*).

Plaintiff also contends, presumably with respect to her second objection, (i) that "[t]he
Plan Documents made part of the administrative record do not provide Verizon with
discretionary authority to review the terms of Group Insurance Contract GN-50902-DE[,]" (Plf.
Obj. at 12); (ii) that Verizon "violated the specific plan documents when it provided its
interpretation of the Group policy provision at issue in this litigation, in [sic] which the
Magistrate relied on [sic] in page 34 of [the Report]," (*id.*); and (iii) that Verizon "did not have
the discretion to determine the phrase 'clerical error' in GN-50902-DE since the plan documents

---

[2] Plaintiff also contradictorily asserts both that Magistrate Judge Shields "was without legal basis to resolve th[e] issue of fact [whether Sullivan was managerial] in order to support her recommendation that summary judgment be granted in favor of defendants[,]" (Plf. Obj. at 6), and that "there has been no finding as to whether Ms. Sullivan was a managerial employee or non-managerial." (*Id.*) The former assertion is clearly without merit, as nowhere in the Report does Magistrate Judge Shields resolve the issue of Sullivan's managerial or non-managerial status. Rather, Magistrate Judge Shields correctly found that the issue of Sullivan's managerial status is irrelevant in this case because, even "assuming *arguendo* that Sullivan was a managerial employee, the GLI Plan was, in fact, the plan in which [Aon Hewitt Company ('Hewitt')] enrolled Sullivan in June 2011 . . . [and] is the relevant governing plan for purposes of this litigation." (Report at 32).

only provided such authority to Defendant Prudential." (*Id.*)

With respect to her third objection, plaintiff contends, *inter alia*, that Magistrate Judge Shields erred in finding that "Prudential did not fail to follow ERISA's procedural requirements by not issuing a claim denial for the simple reason that there was no claim denial to issue[,]" (Report at 26), because "there was, at the least, a partial denial of [plaintiff's] claim[,]" since she did not receive the full amount of her claim, *i.e.*, she filed a claim for life insurance benefits in the amount of five hundred eighty-two thousand six hundred dollars ($582,600.00), but was only paid the amount of eleven thousand four hundred dollars ($11,400.00). (Plf. Obj. at 8; *See Also Id.* at 9 ["The claim for $582,600 was denied upon the issuance of the lesser amount than claimed of $11,400 and the Defendant [sic] failed to follow proper claims review procedures."]). In addition, plaintiff asserts that Magistrate Judge Shields's conclusion that "there can be no claims denial" because Sullivan "was only eligible for a total payout of $11,400, . . . is flawed and is without support in the record." (*Id.* at 9).

With respect to her fourth objection, plaintiff contends, *inter alia*, (i) that Magistrate Judge Shields's finding that Prudential "calculated the appropriate life insurance benefit in accordance with the Plan terms[,]" (Report at 29), is "unsupported by the record," insofar as she "failed to account for the 2009 SPD's minimum payout of $20,000[,] . . . Prudential has still yet to come forward with a proper accounting as to how exactly the $18,600 [sic] payout is correct, and the Magistrate's recommendation acknowledges that she was unable to find that the payout amount in question utilized the correct payment method[,]" (Plf. Obj. at 9) (citing the Report at 6, n. 3 ["The Court once again notes that $979,600, is not equal to either $18,600, Plaintiff's actual annual salary times one, or $967,200, Plaintiff's annual salary times one (if her weekly pay rate

5

was $18,600).'"]); (ii) that Prudential's decision was not supported by substantial evidence because "it relied on the wrong plan document[,]" *i.e.*, it relied upon the 2007 Summary Plan Description ("SPD") rather than the 2009 SPD "that controlled at the time . . . [it] undertook its obligations as claims administrator[,]" (*id.* at 10); (iii) that Verizon "also made claims determinations under the wrong plan document (non-management) and the wrong SPD (2007 SPD), thereby demonstrating that . . . [its] decision lacked substantial evidence[,]" (*id.* at 11); and (iv) that "[t]he inability of Defendants to produce the mathematical formula on which the claims decision was based, demonstrates that their actions were arbitrary and capricious." (*Id.* at 11).

With respect to her fifth objection, plaintiff contends, *inter alia*, (i) that Magistrate Judge Shields's conclusion that "oral requests 'do not constitute a proper request for ERISA purposes,'" (Plf. Obj. at 16) (citing Report at 36), is unsupported by citations to any "caselaw or provision of the plan documents" and is incorrect, (*id.* at 16-17); and (ii) that, in any event, since the 2009 SPD authorized the VBC "to assist an individual in applying for benefits[,] . . . the 'work tickets' created by [it] at the request of Ms. Sullivan would meet the requirements of a written claim for benefits under the plan as any writing would suffice." (*Id.* at 17). Plaintiff also contends, *inter alia*, that Magistrate Judge Shields's finding that "there is no indication that producing the 2009 SPD rather than [the] 2007 SPD would have impacted the resolution of any [of] Plaintiff's claims, therefore there is no indication of any prejudice to Plaintiff[,]" (Report at 38), "is erroneous for the simple fact that the 2009 SPD provided for a minimum $20,000 payout and the 2007 SPD did not."[3] (Plf. Obj. at 17-18). Thus, according to plaintiff, "[h]ad the proper

---

[3] Plaintiff also contends, *inter alia*, that "there are significant distinctions between the documents that describe the responsibilities of the entity making eligibility determinations," and specifies a couple of those distinctions. (Plf. Obj. at 18-19).

plan document been relied on, [she] would have been entitled to receive at a minimum $20,000.00." (*Id.* at 18). In addition, plaintiff asserts, *inter alia*, that Magistrate Judge Shields's findings that plaintiff "has failed to set forth any evidence that Verizon's failure to produce the 2009 SPD was intentional or in bad faith[,]" and that there is no discernible "prejudice or negative animus on Verizon's behalf in its delay in producing the 2009 SPD," (Report at 38), incorrectly "treat these belated efforts by Verizon as more 'no harm no foul' than as they properly should be as 'too little too late.'" (Plf. Obj. at 19).

Upon *de novo* review of the Report, all motion papers and the entire record, and consideration of plaintiff's objections to the Report, and Verizon's and Prudential's responses thereto, plaintiff's objections are overruled and the Report is accepted in its entirety. For the reasons set forth in the Report, plaintiff's motion to strike and cross-motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure are denied; Verizon's and Prudential's motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure are granted; and Verizon and Prudential are granted judgment as a matter of law dismissing plaintiff's remaining claims against them in this action in their entirety with prejudice[4].

III.    CONCLUSION

For the reasons set forth herein, plaintiff's objections are overruled, the Report is

---

[4] The remaining claims on which summary judgment is granted in favor of Verizon and Prudential are: (i) plaintiff's Section 502(a)(1)(B) ERISA claim against Verizon and Prudential; and (ii) plaintiff's Section 502(a)(1)(A) and 502(c) ERISA claims against Verizon for statutory penalties. All other claims in this action have previously been dismissed.

accepted in its entirety and, for the reasons set forth in the Report, plaintiff's motion to strike and cross-motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure are denied; Verizon's and Prudential's motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure are granted; and Verizon and Prudential are granted judgment as a matter of law dismissing plaintiff's remaining claims against them in this action in their entirety with prejudice. The Clerk of the Court shall enter judgment in favor of Verizon and Prudential in accordance with this order and close this case.

SO ORDERED.

                                                                                                              /s/
                                                                   Sandra J. Feuerstein
                                                                   United States District Judge

Dated: May 16, 2018
       Central Islip, New York