UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KRISTINE SULLIVAN-MESTECKY,
Individually, and as the beneficiary of the life
insurance policy of KATHLEEN SULLIVAN,
Deceased,

                              Plaintiff,

            -against-

VERIZON COMMUNICATIONS INC., THE
PRUDENTIAL INSURANCE COMPANY OF
AMERICA, WELLS FARGO BANK, XEROX
COMPANY, and AON HEWITT COMPANY,

                              Defendants.
----------------------------------------------------------------X
FEUERSTEIN, District Judge:

**ORDER**
14-CV-1835(SJF)(AYS)

FILED
CLERK

11:30 am, Feb 19, 2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

Pending before the Court are the objections of plaintiff Kristine Sullivan-Mestecky

("plaintiff") to the Report and Recommendation of the Honorable Anne Y. Shields, United States

Magistrate Judge, dated December 29, 2020 ("the Report"), recommending: (i) that the motion of

defendant Verizon Communications Inc. ("Verizon" or "defendant") pursuant to Rule 56(d) of

the Federal Rules of Civil Procedure, requesting that the Court defer consideration of plaintiff's

pending motion for summary judgement until after the completion of discovery relevant to the

issues raised by plaintiff's motion, be granted; and (ii) that plaintiff's motion for summary

judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure be denied without

prejudice to renewal upon the completion of such discovery. For the reasons set forth below, the

Report is accepted in its entirety.

I.      Discussion

A.      Standard of Review[1]

Any party may serve and file written objections to a report and recommendation of a

magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy

thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and

recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual

findings or legal conclusions of the magistrate judge as to which no proper objections are

interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). To

accept the report and recommendation of a magistrate judge to which no specific, timely

objection has been made, the district judge need only be satisfied that there is no clear error

apparent on the face of the record. *See* Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great*

*Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which

---

[1] The parties dispute whether the Report should be reviewed under the *de novo* standard applicable to dispositive matters or the more deferential "clearly erroneous" or "contrary to law" standard applicable to non-dispositive matters. The Court found no caselaw within this Circuit addressing the issue, although the majority of district courts outside this Circuit treat Rule 56(d) motions as non-dispositive, subject to review under a "clearly erroneous" or "contrary to law" standard. *See Johnson v. Acuity Mut. Ins. Co.*, No. CIV. 18-5076-JL, 2020 WL 1444962, at *9 (D.S.D. Mar. 25, 2020) ("Because a Rule 56(d) motion is not dispositive, the court arguably should review the magistrate judge's rejection under a standard more deferential than *de novo*."); *Sistrunk v. TitleMax, Inc.*, No. 5:14-CV-628-RP, 2017 WL 2392436, at *2 (W.D. Tex. June 2, 2017) ("Neither the federal rule nor the relevant statute contains any exception to the 'clearly erroneous' standard for non-dispositive matters that may relate to dispositive matters. . . . In fact, such an exception runs counter to the text of the statute, which provides that 'a judge may designate a magistrate judge to hear and determine any pretrial matter' except those specifically enumerated—a list that does not include Rule 56(d) motions—and that such matters may be reconsidered if the magistrate judge's order is 'clearly erroneous or contrary to law.' . . . This Court will not add to those limited statutory exceptions.") *e.g. Estate of Todashev v. United States*, No. 6:17-cv-919-Orl-41GJK, 2018 WL 10780479, at *6 (M.D. Fla. Aug. 17, 2018), *aff'd in part and vacated in part on other grounds*, 815 F. App'x 446 (11th Cir. June 19, 2020) (reviewing the plaintiff's objections to the magistrate judge's order denying the plaintiff's request for additional discovery pursuant to Federal Rule of Civil Procedure 56(d) under the "clearly erroneous" or "contrary to law" standard applicable to non-dispositive motions); *Estrada v. Booker*, No. CV-07-00052-PHX-NVW (LOA), 2011 WL 13257440, at *1 (D. Ariz. Feb. 2, 2011) (reviewing the magistrate judge's determination that Rule 56(f) relief was unwarranted under the "clearly erroneous" or "contrary to law" standard applicable to non-dispositive matters). However, since plaintiff's objections fail even under the less deferential *de novo* review, the Court assumes, without deciding, that the Report, which both grants Verizon's Rule 56(d) motion and denies plaintiff's motion for summary judgment, is subject to *de novo* review.

2

no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).


    B.    Plaintiff's Objections

Plaintiff contends, *inter alia*, that Magistrate Judge Shields erred: (i) in "recommend[ing] giving Verizon additional discovery based on general uncertainty about what discovery *might* reveal," *i.e.*, in purportedly relying on speculation "rather than identifying specific facts that likely exist," (Plf. Obj. at 1, 5-8) (emphasis in original); and (ii) in failing to "address whether Verizon's requested discovery could reasonably be expected to create a fact dispute for trial." (*Id.* at 2, 8-13).

Contrary to plaintiff's assertion, during the status conference before the undersigned on September 9, 2020, this Court did not "refuse[] to allow" Verizon to obtain the same "generalized discovery" it now seeks. (Plf. Obj. at 1-2 and 8). Rather, during that conference, plaintiff's counsel indicated his intent to move for summary judgment, likely limited to the reformation claim, and Verizon's counsel indicated that he needed discovery and, thus, would oppose any motion for summary judgment under Rule 56(d) of the Federal Rules of Civil Procedure. The Court then, *inter alia*, set a briefing schedule for plaintiff to serve the motion, Verizon to oppose the motion (including its claim for discovery pursuant to Fed. R. Civ. P. 56(d)), and plaintiff to serve a reply and file the fully-briefed motion; and stayed discovery pending determination thereof. In staying discovery, the Court made no pre-determination of the

3

merits of the stated grounds for either plaintiff's motion or Verizon's opposition. Rather, the Court stayed discovery until the issues were fully-briefed and a decision could be rendered about, *inter alia*, the merits of Verizon's counsel's contention that he needed discovery in order to oppose plaintiff's motion for summary judgment.

The case *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 88 S. Ct. 1575, 20 L. Ed. 2d 569 (1968), cited by plaintiff for the proposition that Rule 56(d) is "a narrow procedural mechanism that, if triggered, permits targeted discovery of specifically-identified facts that a party needs to oppose summary judgment," (Plf. Obj. at 5), is distinguishable. In that case, the petitioner "was attempting, in effect, to obtain discovery of peripheral aspects of [the respondent's] alleged participation in the conspiracy, after having failed, *despite already substantial discovery*, to obtain any significant evidence of conspiracy for the period during which it was alleged to have directly injured him." *Id.* at 298 (emphasis added). The Supreme Court held that "[i]t is precisely because the discovery obtainable under Rule 56(f) [current Rule 56(d)] to oppose a motion for summary judgment would normally be less extensive in scope than the general discovery obtainable under Rule 26, that such a manner of proceeding was properly refused here." *Id.*

Unlike *First Nat'l Bank*, Verizon did not fail to obtain any evidence in support of its defense to plaintiff's claim for breach of fiduciary duty and equitable relief pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA") after already conducting "substantial discovery." Rather, Verizon was not afforded an opportunity to develop any facts with respect to that claim because it was dismissed at the pleadings stage, before any discovery commenced in this action. *See generally Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) ("The nonmoving party should not be 'railroaded'

into his offer of proof in opposition to summary judgment . . . [and] must have had the

opportunity to discover information that is essential to his opposition to the motion for summary

judgment. . . . But the trial court may properly deny further discovery if the nonmoving party has

had a fully adequate opportunity for discovery."); *cf. Moccia v. Saul*, 820 F. App'x 69, 70 (2d

Cir. Sept. 9, 2020) (summary order) ("It is well established that the trial court may properly deny

further discovery under Rule 56(d) if the nonmoving party has had a fully adequate opportunity

for discovery.") Since Verizon did not have a "fully adequate opportunity for discovery" with

respect to plaintiff's Section 502(a)(3) ERISA claim before plaintiff moved for summary

judgment, it would be premature to grant plaintiff's motion for summary judgment at this stage

of the litigation. *See, e.g. Berger v. United States*, 87 F.3d 60, 65 (2d Cir. 1996) (finding that the

grant of summary judgment was premature where the nonmoving party had not had the

opportunity to obtain discovery in the action and, thus, the Court could not "conclude that the

parties had already had a fully adequate opportunity for discovery when the district court granted

summary judgment."); *V.W. by and through Williams v. Conway*, 236 F. Supp. 3d 554, 579

(N.D.N.Y. 2017) ("There is a critical distinction [] between cases where a litigant opposing a

motion for summary judgment requests a stay of that motion to conduct *additional* discovery and

cases where that same litigant opposes a motion for summary judgment on the ground that it is

entitled to an opportunity to *commence* discovery with respect to their claims." (emphasis in

original)); *Crystalline H2O, Inc. v. Orminski*, 105 F. Supp. 2d 3, 8 (N.D.N.Y. 2000) ("The

Second Circuit has denied motions for summary judgment as premature in cases where [the]

nonmoving party did not have 'a fully adequate opportunity for discovery.'" (citing cases)).

"A party seeking to delay resolution of a summary judgment motion on grounds that he

has been deprived of certain discovery materials must show that the material sought is germane

to the defense, and that it is neither cumulative nor speculative." *Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 151 (2d Cir. 2016). Discovery materials are germane to the defense if they "are reasonably expected to create a genuine issue of material fact." *Id.* "A court plainly has discretion to reject a request for discovery if the evidence sought would be cumulative or if the request is based only on speculation as to what potentially could be discovered. . . . But a party against which summary judgment is sought must be afforded a reasonable opportunity to elicit information within the control of his adversaries." *In re Dana Corp.*, 574 F.3d 129, 148-49 (2d Cir. 2009); *see also Cable Sci. Corp. v. Rochdale Village, Inc.*, 920 F.2d 147, 152 (2d Cir. 1990) ("[S]ummary judgment is generally disfavored when the party opposing the motion has not obtained discovery."); *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980) ("At least when the party opposing the motion has not been dilatory in seeking discovery, summary judgment should not be granted when he is denied reasonable access to potentially favorable information.")

Magistrate Judge Shields correctly found, *inter alia*, in essence, that the discovery sought by Verizon is germane to its defense against plaintiff's Section 502(a)(3) ERISA claims, and specifically "to the issue of whether Sullivan reasonably but mistakenly expected that she would receive the generous death benefits," (Report at 18); and defendant must be afforded a reasonable opportunity to obtain discovery with respect to such claims.

Plaintiff contends, *inter alia*, that "[g]iven the facts that Verizon now admits are true— and the Second Circuit's explanation of the legal significance of those now-undisputed facts— Verizon simply cannot reasonably expect to create a genuine dispute for trial through additional discovery," (Plf. Obj. at 9; *see also Id.* at 13); and that "even though the Second Circuit did not direct the entry of judgment for Plaintiff, its decision on appeal *effectively* controls the outcome

of this case." (*Id.* at 12) (emphasis in original). With respect to plaintiff's reformation claim, the Second Circuit held, in relevant part, as follows:

> "[A] contract may be reformed due to the mutual mistake of both parties, or where one party is mistaken and the other commits fraud or engages in inequitable conduct. Reformation does not require a showing of actual harm. We need not discuss mutual mistake because Sullivan-Mestecky has *adequately pled* that Verizon committed equitable fraud by misrepresenting that Sullivan was entitled to a life insurance policy in the amount of $679,000. As a result of Verizon's fraudulent representations, Sullivan reasonably but mistakenly expected that Sullivan-Mestecky would receive the generous death benefits. Sullivan-Mestecky has thereby *adequately pled* circumstances that *would permit* the district court to equitably reform the terms of her plan with Verizon, sufficient to bind Verizon to its fraudulent representations. Reforming the plan to accord with Sullivan's reasonable expectations is an appropriate equitable remedy."

*Sullivan-Mestecky v. Verizon Commc'ns Inc.*, 961 F.3d 91, 103 (C.A.2 (N.Y.), 2020) (emphasis added) (quotations and citations omitted). The Court agrees with Magistrate Judge Shields that, *inter alia*, such language indicates that "the Second Circuit held only that Plaintiff plausibly pled facts sufficient to state a claim for reformation, and not that she was entitled to prevail." (Report at 15). The Court also agrees with Magistrate Judge Shields that "While Verizon does not dispute such facts, Hewitt's statements, standing alone or together and construed in the light most favorable to Verizon, do not necessarily require reformation of the Plan[;] . . . [and that,] as a court of equity, this Court must consider all facts and circumstances to determine what is fair." (*Id.* at 17). Fairness requires, at a minimum, that Verizon be afforded the opportunity to develop sufficient facts to present a defense to plaintiff's Section 502(a)(3) ERISA claim.

Accordingly, upon consideration of plaintiff's objections and Verizon's responses thereto, and *de novo* review of the findings and conclusions in the Report to which plaintiff specifically objects, as well as all motion papers and the entire record, plaintiff's objections are overruled and those branches of the Report are accepted in their entirety.

C.      Remainder of Report

There being no clear error on the face of the Report with respect to the findings and

conclusions of Magistrate Judge Shields to which no specific timely objections are interposed,

those findings and conclusions are accepted in their entirety.


II.     Conclusion

For the reasons set forth above, plaintiff's objections are overruled, the Report is

accepted in its entirety and, for the reasons set forth therein, Verizon's motion pursuant to Rule

56(d) of the Federal Rules of Civil Procedure, requesting that the Court defer consideration of

plaintiff's pending motion for summary judgement until after the completion of discovery

relevant to the issues raised by plaintiff's motion, is granted; and plaintiff's motion for summary

judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is denied without prejudice

to renewal upon the completion of such discovery.

SO ORDERED.

                                    ___/s/_____
                                    Sandra J. Feuerstein
                                    United States District Judge


Dated: February 19, 2021
        Central Islip, New York